Tommie ANDERSON, Petitioner–
Appellant,

v.

BUREAU OF PRISONS; Warden
Tapia, Respondents–
Appellees.

No. 05–30463
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 2006.

Tommie Anderson, Pollock, LA, pro se.

Before JOLLY, DENNIS, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Tommie Anderson, federal prisoner
# 24492–034, appeals the district court's
dismissal of his 28 U.S.C. § 2241 petition.
Anderson contends that his claims were
properly brought under § 2241 because he
challenged the manner in which his sen-
tence was being executed by the Bureau of
Prisons (BOP). Specifically, he argued
that his detention was unconstitutional be-
cause neither the indictment, the judgment
and commitment order, the presentence
report, nor the BOP's records specified the
penalty statute under which he was serv-
ing his sentence.

Despite his assertions to the contrary,
Anderson challenged the legality of his
conviction and sentence, not the execution
of his sentence by the BOP. Therefore,
his § 2241 petition was properly construed
as a 28 U.S.C. § 2255 motion. *See Tolliv-
er v. Dobre*, 211 F.3d 876, 877–78 (5th
Cir.2000).

Further, Anderson's claims do not fall
within the savings clause of § 2255. A
prior unsuccessful § 2255 motion, or the
inability to meet the Antiterrorism and
Effective Death Penalty Act's second or
successive requirement, does not render
§ 2255 inadequate or ineffective. *Id.* at
878. Anderson has also not shown that his
claims rely on a retroactively applicable
Supreme Court decision which establishes
that he may have been convicted of a
nonexistent offense and that his claims
were foreclosed by circuit law at the time
when the claims should have been raised in
his trial, appeal, or first § 2255 motion.
*See Reyes–Requena v. United States*, 243
F.3d 893, 904 (5th Cir.2001).

Accordingly, the district court's judg-
ment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.